UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.  CV 22-2538-MWF(JEMx)**                    **Date:  October 7, 2022**

Title:        People of Los Angeles County Who Are Being Penally Confined in Pre-Trial Detention Because of and Dependent Upon Their Inability To Pay Bail, et al. v. Alejandro Villanueva, et al.

**Related Cases:**

**CV 22-5315-MWF(JEMx)**, Rolan v. Alejandro Villanueva, et al.
**CV 22-5316-MWF(JEMx)**, Stanley v. Alejandro Villanueva, et al.
**CV 22-5391-MWF(JEMx)**, Aguirre v. Alejandro Villanueva, et al.
**CV 22-5394-MWF(JEMx)**, Almeraz v. Alejandro Villanueva, et al.
**CV 22-5396-MWF(JEMx)**, Cabrera v. Alejandro Villanueva, et al.
**CV 22-5411-MWF(JEMx)**, Cano v. Alejandro Villanueva, et al.
**CV 22-5414-MWF(JEMx)**, Hutchins v. Alejandro Villanueva, et al.
**CV 22-5416-MWF(JEMx)**, Munoz v. Alejandro Villanueva, et al.
**CV 22-5417-MWF(JEMx)**, Ramirez v. Alejandro Villanueva, et al.
**CV 22-5419-MWF(JEMx)**, Sanchez v. Alejandro Villanueva, et al.
**CV 22-5421-MWF(JEMx)**, Smith v. Alejandro Villanueva, et al.
**CV 22-5426-MWF(JEMx)**, Shannon v. Alejandro Villanueva, et al.
**CV 22-5428-MWF(JEMx)**, Wilgus v. Alejandro Villanueva, et al.
**CV 22-5436-MWF(JEMx)**, Rains v. Alejandro Villanueva, et al.
**CV 22-5449-MWF(JEMx)**, Guzman v. Alejandro Villanueva, et al.
**CV 22-5450-MWF(JEMx)**, Brown v. Alejandro Villanueva, et al.
**CV 22-5453-MWF(JEMx)**, Gilbert v. Alejandro Villanueva, et al.
**CV 22-5459-MWF(JEMx)**, Guzman v. Alejandro Villanueva, et al.
**CV 22-5466-MWF(JEMx)**, Lavan v. Alejandro Villanueva, et al.
**CV 22-5468-MWF(JEMx)**, Shivers v. Alejandro Villanueva, et al.
**CV 22-5470-MWF(JEMx)**, Lopez v. Alejandro Villanueva, et al.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 22-2538-MWF(JEMx)                    **Date:  October 7, 2022**
Title:        People of Los Angeles County Who Are Being Penally Confined in Pre-
              Trial Detention Because of and Dependent Upon Their Inability To Pay
              Bail, et al. v. Alejandro Villanueva, et al.

        **AND RELATED CASES**

Present:    <u>The Honorable MICHAEL W. FITZGERALD, U.S. District Judge</u>

            Deputy Clerk:                        Court Reporter:
            Rita Sanchez                         Not Reported

            Attorneys Present for Plaintiff:     Attorneys Present for Defendant:
            None Present                         None Present

**Proceedings (In Chambers):**   ORDER SUMMARILY DISMISSING ACTION
                                 WITHOUT PREJUDICE

        The Court Ordered Plaintiffs People of Los Angeles County Who Are Being
Penally Confined in Pre-Trial Detention Because of and Dependent Upon Their
Inability to Pay Bail, by Mark Munoz, et al., to show cause 1) Why this action should
not be dismissed in light of the lack of exhaustion of Plaintiffs' claims in state court;
and 2) why the requested relief would not violate the PLRA.  (Docket No. 87).
Plaintiffs filed a Response to the Order to Show Cause on August 31, 2022.  (Docket
No. 88).  Defendant Alejandro Villanueva filed a Reply on September 7, 2022.
(Docket No. 90).  Plaintiffs filed an Ex Parte Application for an Order that Court
Consider Reply Memorandum Attached Hereto on September 11, 2022.  (Docket No.
91).  The Court granted Plaintiffs' Ex Parte Application on September 12, 2022.
(Docket No. 92).

        The Court has read and considered the briefs and held a hearing on **October 4**,
**2022**.

        For the reasons discussed below, the Action is **DISMISSED** *without prejudice*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

**Case No.**  **CV 22-2538-MWF(JEMx)**                  **Date:  October 7, 2022**
Title:       People of Los Angeles County Who Are Being Penally Confined in Pre-
             Trial Detention Because of and Dependent Upon Their Inability To Pay
             Bail, et al. v. Alejandro Villanueva, et al.

**AND RELATED CASES**

This Court (the Honorable Dolly M. Gee, United States District Judge) previously denied Plaintiffs' preliminary injunction for lack of a sufficient showing to obtain a mandatory injunction.   (Docket No. 41). The Court determined that Plaintiffs had standing but did not set forth adequate evidence to show that their bail was set improperly under current law.

Plaintiffs submitted additional facts and filed a second Motion for Preliminary Injunction on July 8, 2022.  (Docket No. 54).  This Court denied the requested injunction in an Order Denying Plaintiffs' Motion for Preliminary Injunction on August 30, 2022.  (Docket No. 87).  The Court again determined that Plaintiffs did not set forth adequate evidence to show that their bail was set improperly under current law.  Further, the Court concluded that that this action is properly brought as a habeas action and ordered Plaintiffs to show cause 1) why this action should not be dismissed in light of the lack of exhaustion of Plaintiffs' claims in state court; and 2) why the requested relief would not violate the PLRA.

The Court now concludes that federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to the issue presented.  Plaintiffs' claims have not been properly exhausted and are not excused from exhaustion.  In the alternative, this dismissal can be viewed as a dismissal for want of jurisdiction. Fed. R. Civ. P. 12(b)(1).

The facts are discussed in the two prior orders denying the requested preliminary injunction.

I.    **<u>LEGAL STANDARD</u>**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District

---

**CIVIL MINUTES—GENERAL**                                          **3**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 22-2538-MWF(JEMx)                          **Date:  October 7, 2022**
**Title:**      People of Los Angeles County Who Are Being Penally Confined in Pre-
               Trial Detention Because of and Dependent Upon Their Inability To Pay
               Bail, et al. v. Alejandro Villanueva, et al.

**AND RELATED CASES**

Courts (Habeas Rules) provides that a petition for writ of habeas corpus "must" be
summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits
that the petitioner is not entitled to relief in the district court."

## II.     DISCUSSION

### A.     Exhaustion of State Remedies for Habeas Corpus Action

The Court incorporates its prior analysis on the nature of the relief sought by
Plaintiffs.  (Order Denying Plaintiffs' Motion For Preliminary Injunction dated August
30, 2022, at 8–10 (Docket No. 87)).  There, the Court concluded that Plaintiffs'
challenge to bail determinations for pretrial detainees is properly brought as a habeas
action. *Cf. Arevalo v. Hennessy*, 882 F.3d 763, 764, 767 (9th Cir. 2018) (petitioner
entitled to habeas relief for failure to receive constitutionally sufficient process during
setting of bail after "properly exhaust[ing] his state remedies as to his bail hearing").
Because Plaintiffs seek the exact form of relief afforded by a habeas petition, Plaintiffs
must first exhaust state remedies before a federal court may grant relief.  *See* 28 U.S.C.
§ 2254(b)(1)(A), *Rose v. Lundy*, 455 U.S. 509, 518 (1982), *Fields v. Waddington*, 401
F.3d 1018, 1020 (9th Cir. 2005) ("We may review the merits of Petitioner's habeas
petition only if he exhausted state court remedies").

Plaintiffs do not contend that they have exhausted state remedies.  (Response at
3-4).   Instead, Plaintiffs argue that exhaustion requirements should be excused because
state court remedies are either unavailable, inadequate, or futile. (Response at 3-4
(citing *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989) ("Dismissal of a federal
habeas petition for failure to exhaust is appropriate only if the prisoner ha[s] a
currently available state remedy at the time of the federal petition")).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 22-2538-MWF(JEMx)                **Date:  October 7, 2022**
**Title:**      People of Los Angeles County Who Are Being Penally Confined in Pre-
              Trial Detention Because of and Dependent Upon Their Inability To Pay
              Bail, et al. v. Alejandro Villanueva, et al.

**AND RELATED CASES**

Plaintiffs argue that filing and litigating a habeas petition in Superior Court, appealing a denial to the Court of Appeal, and then petitioning the Supreme Court for review would take longer than Plaintiff pretrial detainees would be pretrial detainees. (Response at 4).

Defendant disputes Plaintiffs' contention that state remedies are unavailable, inadequate, or futile.  (Response at 1-3).  Defendant argues that courts from the criminal division of the Los Angeles Superior Court regularly hear challenges to bail determinations.  (Reply at 2 (Citing Docket Nos. 25 and 66)).  Similarly, Defendant highlights California statutes and case law establishing the existence of state remedies for challenges to bail determination.  *E.g.*, Cal. Pen. Code § 1289 (criminal court "may, upon good cause shown, either increase or reduce the amount of bail", with a criminal defendant's request for reduction being made by "application").  Defendants also cite recent habeas cases where inmates were able to contest their bail through state remedies and ultimately win appropriate relief.  (Response at 3 (citing *In re Humphrey*, 11 Cal. 5th 135, 143, 276 Cal. Rptr. 3d 232 (2021) and *In re Brown*, 76 Cal.App.5th 296, 291 Cal. Rptr. 3d 461 (2022)).

The Ninth Circuit implicitly acknowledged that California state remedies are available, adequate, and not futile when it found that pretrial detainees properly exhausted state remedies by "fil[ing] two motions with the superior court, a habeas petition with the California Court of Appeal, and a petition for a writ of habeas corpus with the California Supreme Court."  *Arevalo v. Hennessy*, 882 F.3d 763, 767 (9th Cir. 2018).  Plaintiffs have provided no evidence to suggest otherwise.

Plaintiffs provide no authority to support their contention that pretrial detainees must be excused from state remedies because state remedies may take a long time. And perhaps they cannot, for if Plaintiffs contention was true then every pretrial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 22-2538-MWF(JEMx)                **Date:  October 7, 2022**
Title:        People of Los Angeles County Who Are Being Penally Confined in Pre-
              Trial Detention Because of and Dependent Upon Their Inability To Pay
              Bail, et al. v. Alejandro Villanueva, et al.

**AND RELATED CASES**

---

detainee challenging the fact of their confinement could bypass state remedies.
Accordingly, the Court determines that Plaintiffs are not excused from exhaustion of
state remedies.

After the hearing, Plaintiffs filed a Reply In Response To Tentative arguing that
their request for damages should remain because administrative exhaustion is not
applicable to requests for damages.  (Docket No. 94).  The filing is untimely and in
violation of the Central District local rules.  *See* L.R. 7-3.  Nevertheless, the Court is
unpersuaded.  If a civil rights claim seeking damages necessarily implies the invalidity
of a conviction or sentence, a "§ 1983 plaintiff must prove that the conviction or
sentence has been reversed on direct appeal, expunged by executive order, declared
invalid by a state tribunal authorized to make such determination, or called into
question by a federal court's issuance of a writ of habeas corpus."  *Heck v. Humphrey*,
512 U.S. 477, 486–87 (1994).  Dismissal without prejudice is appropriate because
Plaintiffs have not alleged that the reasons for their confinement have been reversed,
expunged, invalidated, or called into question. *See id.*; *see also Williams v. Bailey,
Williams & Trujillo,* Case No. C-92-1603-BAC, 1994 WL 238330 at *5 (N.D. Cal.
May 17, 1994) (citing *Young v. Kenny*, 907 F.2d 874, 876 (9th Cir. 1990)) (where
"monetary and declaratory relief which raises constitutional issues that directly relate
to the fact or duration of confinement and are cognizable in habeas, competing
interests underlying habeas relief, including exhaustion requirements, must prevail");
*Trimble v. City of Santa Rosa*, 49 F.3d 583, 584 (9th Cir. 1995) ("The danger of
preventing a prisoner from ever having a federal court address his habeas claims is not
present…when a district court treats a 42 U.S.C.S. §1983 claim as a habeas petition
and then dismisses it for lack of exhaustion of state remedies").

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-2538-MWF(JEMx)                Date:  October 7, 2022
Title:       People of Los Angeles County Who Are Being Penally Confined in Pre-
               Trial Detention Because of and Dependent Upon Their Inability To Pay
               Bail, et al. v. Alejandro Villanueva, et al.

**AND RELATED CASES**

_____

Because Plaintiffs do not contend that they have exhausted state remedies, Plaintiffs' habeas action is fully unexhausted.  Therefore, this action must be summarily **DISMISSED** *without prejudice*.

Because Plaintiffs have not plead a plausible excuse for exhaustion, the Court **DENIES** Plaintiffs' request to propound discovery to determine the average length of confinement for pretrial detainees in Defendants' jails.  The Court similarly **DENIES** Plaintiffs' request to propound discovery to determine the length of habeas proceedings in state courts.  The Court also **DENIES** Plaintiffs' request that this Order be converted into a motion of summary judgment.

### B.   Prison Litigation Reform Act

The Court ordered Plaintiffs to show cause why their requested relief would not violate the Prison Litigation Reform Act.  (Docket No. 87).

The Prison Litigation Reform Act ("PLRA") establishes standards for the entry and termination of prospective relief in civil actions challenging prison conditions. *See, Miller v. French,* 530 U.S. 327, 333 (2000).  The PLRA's definition of "prospective relief" encompasses "all relief other than compensatory monetary damages." 18 U.S.C. § 3626(g)(7).  The statute mandates that prospective relief "shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs."  *Id.* at § 3626(a)(1).  The PLRA further provides that a federal court "shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *Id.*

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-2538-MWF(JEMx)                    **Date:  October 7, 2022**
**Title:**      People of Los Angeles County Who Are Being Penally Confined in Pre-Trial Detention Because of and Dependent Upon Their Inability To Pay Bail, et al. v. Alejandro Villanueva, et al.

**AND RELATED CASES**

The PLRA also imposes strict prerequisites before a federal court may issue a "prisoner release order," which is broadly defined as "any order, including a temporary restraining order or preliminary injunctive relief, that has the purpose or effect of reducing or limiting the prison population, or that directs the release from or non-admission of prisoners to a prison."  18 U.S.C. § 3626(g)(4).  Those prerequisites include the failure of some other, earlier-imposed remedy to address the deprivation of the federal right, reasonable amount of time for Respondents to comply with such orders, and the convening of a three-judge court, which is given the exclusive authority to enter a prison release order.  *Id.* § 3626(a)(3)(A).

Plaintiffs argue that the PLRA does not apply to this action for two reasons: first, the PLRA applies to "prisons" and not "jails," and second, the PLRA applies only to "conditions" in prisons and not bail.  (Response at 7; Plaintiffs' Reply at 5).

Defendant responds that the PLRA defines "prison" to mean "any Federal, State, *or local facility that incarcerates or detains juveniles or adults accused of,* convicted, or adjudicated delinquent for, violations of criminal law."  18 U.S.C. § 3626(g)(5) (emphasis added); *see also Albino v. Baca*, 747 F. 3d 1162 (9th Cir. 2014) (applying the PLRA in Los Angeles jails).  Therefore, the Court agrees with Defendants that pretrial detainees are not categorically excluded from the PLRA.

Defendant does not directly address Plaintiffs' argument that the PLRA only applies to challenges to "prison conditions."  The parties both point out that the PLRA applies to "any civil action with respect to *prison conditions*." 18 U.S.C. § 3626(g)(4) (emphasis added).

It appears that the PLRA has been interpreted to limit only a court's ability to reduce or limit prison populations where overcrowding violated prisoners' rights.  *See*

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 22-2538-MWF(JEMx)                    **Date:  October 7, 2022**
Title:       People of Los Angeles County Who Are Being Penally Confined in Pre-
             Trial Detention Because of and Dependent Upon Their Inability To Pay
             Bail, et al. v. Alejandro Villanueva, et al.

**AND RELATED CASES**

*Gilmore v. People of the State of California,* 220 F.3d 987, 999, n.14 (9th Cir. 2000)
("[s]ponsors of the PLRA were especially concerned with courts setting 'population
caps' and ordering the release of inmates as a sanction for prison administrators'
failure to comply with the terms of consent decrees designed to eliminate
overcrowding").

In *Plata v. Brown,* a single judge ordered the California Department of
Corrections and Rehabilitation "to transfer all inmates who are classified as 'high-
risk'" of contracting infectious disease coccidioidomycosis (common referred to as
Valley Fever) from two prisons that reported high rates of the disease. 427 F. Supp. 3d
1211 (N.D. Cal. 2013).  The defendants there argued that the court lacked authority to
issue such an order under the PLRA because a "prisoner release order" could only be
issued by a three-judge court.  *Id.* at 1222.  The court concluded that it was not issuing
a "prisoner release order" because the plaintiffs were seeking "only transfer and not
release." *Id.*

The *Plata* court further rejected the defendants' arguments based on general
principles of statutory construction.  *Id.*  Looking at the statute as a whole, the court
reasoned that the definition of "prisoner release order" must be read in conjunction
with the requirements for entering one, including the provision which requires that a
three-judge court determine that "crowding is the primary cause of the violation of a
Federal right."  *Id.* (citing 18 U.S.C. § 3626(a)(3)(E)).

Moreover, the court noted that "[a]lthough 'Congress is free to alter the standard
that determines the scope of prospective relief for unconstitutional prison conditions,'
it can do so only 'so long as the restrictions on the remedy do not prevent vindication
of the right.'"  *Id.* at 1223 (citing *Gilmore,* 220 F.3d at 1002-03).  The district court
explained that "[i]t is easy to imagine circumstances – not caused by crowding – where

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-2538-MWF(JEMx)                    Date:  October 7, 2022
Title:       People of Los Angeles County Who Are Being Penally Confined in Pre-
             Trial Detention Because of and Dependent Upon Their Inability To Pay
             Bail, et al. v. Alejandro Villanueva, et al.

         **AND RELATED CASES**

a transfer would be necessary to protect inmates' constitutional rights: for example, if specialized medical care were not available at a particular prison, or if one or more inmates were illegally transferred in retaliation for exercising their First Amendment rights." *Id.*  "In all of these cases, crowding would not be the cause (let alone the primary cause) of the constitutional violation, and adopting [the d]efendants' interpretation of 'prisoner release order' would thus prevent any court – single-judge or three-judge – from entering a transfer order." *Id.*  Because "that would prevent vindication of the inmates' constitutional rights," the court concluded that the defendants' proposed interpretation of "prisoner release order" was impermissible. *Id.*

         The Court is persuaded by the reasoning in *Plata* and concludes that the definition of "prisoner release order" is limited to orders where crowding is the primary cause of the violation.  Accordingly, the Court concludes that Plaintiffs requested relief, challenging the fact of their confinement, does not amount to a request for a prisoner release order and would not violate the PLRA.  *See also Fernandez-Rodriguez v. Licon-Vitale, S.D.N.Y.2020, 470 F.Supp.3d 323* (Phrase "civil action with respect to prison conditions" in provision of PLRA restricting a court's ability to issue so-called "prisoner release orders" did not extend to actions that challenged both the conditions of confinement and the fact of confinement through a petition for writ of habeas corpus, where first clause by its very terms, exempted from the PLRA habeas petitions challenging fact of confinement as well as conditions of confinement).

**III.   CONCLUSION**

         The Court determines that the OSC is not discharged.  This action is **DISMISSED** *without prejudice* for failure to exhaust state remedies.  Likewise, the following related cases are also **DISMISSED** *without prejudice* for failure to exhaust state remedies and shall be administratively closed by the Clerk:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 22-2538-MWF(JEMx)                    **Date:  October 7, 2022**
Title:      People of Los Angeles County Who Are Being Penally Confined in Pre-
            Trial Detention Because of and Dependent Upon Their Inability To Pay
            Bail, et al. v. Alejandro Villanueva, et al.

**AND RELATED CASES**

*J. Roldan v. Alejandro Villanueva*, CV 22-5315-MWF(JEMx)
*J. Stanley v. Alejandro Villanueva*, CV 22-5316-MWF(JEMx)
*J. Aguirre v. Alejandro Villanueva*, CV 22-5391-MWF(JEMx)
*M. Almeraz v. Alejandro Villanueva*, CV 22-5394-MWF(JEMx)
*J. Cabrera v. Alejandro Villanueva*, CV 22-5396-MWF(JEMx)
*S. Cano v. Alejandro Villanueva*, CV 22-5411-MWF(JEMx)
*J. Hutchins v. Alejandro Villanueva*, CV 22-5414-MWF(JEMx)
*M. Munoz v. Alejandro Villanueva*, CV 22-5416-MWF(JEMx)
*O. Ramirez v. Alejandro Villanueva*, CV 22-5417-MWF(JEMx)
*E. Sanchez v. Alejandro Villanueva*, CV 22-5419-MWF(JEMx)
*D. Smith v. Alejandro Villanueva*, CV 22-5421-MWF(JEMx)
*D. Shannon v. Alejandro Villanueva*, CV 22-5426-MWF(JEMx)
*C. Wilgus v. Alejandro Villanueva*, CV 22-5428-MWF(JEMx)
*W. Rains v. Alejandro Villanueva*, CV 22-5436-MWF(JEMx)
*J. Guzman v. Alejandro Villanueva*, CV 22-5449-MWF(JEMx)
*K. Brown v. Alejandro Villanueva*, CV 22-5450-MWF(JEMx)
*T. Gilbert v. Alejandro Villanueva*, CV 22-5453-MWF(JEMx)
*E. Guzman v. Alejandro Villanueva*, CV 22-5459-MWF(JEMx)
*T. Lavan v. Alejandro Villanueva*, CV 22-5466-MWF(JEMx)
*T. Shivers v. Alejandro Villanueva*, CV 22-5468-MWF(JEMx)
*V. Lopez v. Alejandro Villanueva*, CV 22-5470-MWF(JEMx)

IT IS SO ORDERED.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule
of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to
treat this Order, and its entry on the docket, as an entry of judgment.